MATTHEW J. GAUGER, Bar No. 139785
CAREN P. SENCER, Bar No. 233488
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, California 95814
Telephone: (916) 443-6600
Facsimile: (916) 442-0244

Attorneys for Plaintiffs

FILED
2009 OCT 23  P 2: 17
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA.-SAN JOSE

E-filing
ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 121RN and SERVICE EMPLOYEES INTERNATIONAL UNION UNITED HEALTHCARE WORKERS -WEST,

Plaintiffs,

v.

HEALTHCARE CORPORATION OF AMERICA; AND DOES 1-10,

Defendants.

Case No.

C09 05065 RS

**PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF PENDING ARBITRATION**

Plaintiffs, by way of Complaint, allege as follows:

## I.     PARTIES, JURISDICTION AND VENUE

1.1     Plaintiff Service Employees International Union Local 121RN ("Local 121RN") is a labor organization as defined by 29 U.S.C. § 152(5), with offices located throughout California including Los Angeles, Ventura and Riverside Counties.

1.2     Plaintiff Service Employees International Union United Healthcare Workers -West ("UHW") is a labor organization as defined by 29 U.S.C. § 152(5), with offices throughout California including Alameda and Santa Clara Counties.

1.3     Defendant Healthcare Corporation of America ("Employer") is an employer as defined by 29 U.S.C. § 152(2), and is a private for-profit corporation doing business in the

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, CA 95814
916 443-6600

Complaint for Injunctive Relief

California counties of Santa Clara, Los Angeles, Ventura, and Riverside.

1.4   This Court has jurisdiction of this matter pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

1.5   Venue is proper in this Court because matters giving rise to this Complaint occurred within this division of the judicial district.

## II.   FACTUAL ALLEGATIONS

2.1   Local 121RN is the sole and exclusive bargaining representative for certain registered nurses ('RNs") employed by Healthcare Corporation of America at Los Robles Hospital & Medical Center, West Hills Hospital & Medical Center and Riverside Community Hospital.

2.2   UHW is the sole and exclusive bargaining representative for certain service employees, technicians and medical assistants employed by Healthcare Corporation of America at Los Robles Hospital & Medical Center, West Hills Hospital & Medical Center, Riverside Community Hospital, Regional Medical Center, San Jose and Good Samaritan Hospital.

2.3   Local 121RN, UHW, and the Employer are parties to a collective bargaining agreement ("CBA"). The current CBA, covering 3,000 members of both unions and across all California facilities, has been in effect from September 15, 2006 and expires on March 31, 2010.

2.4   The Employer notified UHW on August 24, 2009, and Local 121RN on August 27, 2009 of its intention to implement new terms and conditions of employment. The employer stated, "This year we will expect every employee who could infect a patient or who could be infected to be vaccinated for both seasonal flu and the Novel H1N1 virus. Any one who declines these seasonal flu vaccinations will be required to wear a surgical mask during their entire shift beginning October 1, 2009."

2.5   On or about September 11, 2009, Local 121RN, on behalf of its members at Los Robles Hospital & Medical Center, Riverside Community Hospital and West Hills Hospital and Medical Center notified the Employer of its request to negotiate over the newly proposed terms and conditions of employment and the impact of the proposed policy. Local 121RN suggested that the negotiation be conducted at one bargaining table as the issue affected bargaining unit members

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, CA 95814
916 443-6600

- 2 -

Complaint for Injunctive Relief

in all three respective hospitals. The Union also suggested that the negotiations be coordinated with UHW as they are similarly impacted by the issue.

2.6   Similarly, between August 31, 2009 and September 14, 2009, UHW, on behalf of the Service and Technical Units at Robles Hospital and Medical Center, Riverside Community Hospital, West Hills Hospital and Medical Center, Regional Medical Center, San Jose and Good Samaritan Hospital notified the Employer of its request to negotiate over the newly proposed terms and conditions of employment and the impact of the proposed policy. UHW suggested statewide negotiations for all affected bargaining unit employees.

2.7   Between September 14, 2009 and September 16, 2009, the Employer notified Local 121RN that it declined the Union's request to meet and bargain over the matter.

2.8   On or about September 14 through 16, 2009, the Employer notified UHW that it declined its request to meet and bargain.

2.9   On or about September 16, 2009 and September 17, 2009, the Employer distributed notice to all employees of the new requirement and policy. The notice indicates that the immunizations will be available free of charge starting September 22, 2009 and states, "[O]ur goal is 100% immunization of all employees who are not contra-indicated for the vaccine." The notice also states that for the few employees who have contra-indications for the vaccine, "we will provide surgical masks that will need to be worn for the duration of your shifts beginning October 17, 2009 through the end of the flu season." Finally employees are told that, "The masks…may only be removed during lunch break, or when outside the building."

2.10   The Employer's September 16, 2009 and September 17, 2009 notices indicate that any employee who declines to be vaccinated must sign the Declination Form provided as an attachment to the notice. The Declination Form requires the employee to provide a reason for declining the vaccine and to acknowledge that failure to wear a surgical mask during duty will result in disciplinary action up to and including termination. The form also includes an acknowledgement that declining the vaccine and refusal to wear a mask when required for duty will be considered a voluntary resignation from employment.

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, CA 95814
916 443-6600

- 3 -

Complaint for Injunctive Relief

2.11    On or about September 28, 2009, the Employer distributed a notice to all employees noting the shortage of vaccine that had delayed implementation of the new policy from the target date of October 1, 2009.  The notice states, "By October 15, 100% of employees who could infect a patient or become infected must be vaccinated or wear a surgical mask in patient care areas beginning October 15, 7:00 a.m. local time."

2.12    On or about October 14, 2009, the Employer notified the Unions that implementation of the new policy would be delayed until November 1, 2009.

2.13    To date, the Employer has refused to bargain over its unilaterally implemented policy.

2.14    Between September 16, 2009 and September 18, 2009, the Unions filed grievances concerning the implementation of the new policy by HCA. The grievances allege that the implementation of the policy violates the collective bargaining agreements specifically, but not limited to, Article 2, Recognition, Article 14, Management Rights, Article 22, Safety, Article 34, Discipline, Article 42, Non-Discrimination, Article 98, Discipline and Article 109, Non-Discrimination.  The grievances request that the Employer immediately rescind the policy, not implement the policy on October 1, 2009 or afterwards, begin labor-management discussions of implementing a comprehensive infectious disease prevention program, implement such a program, and all other appropriate remedies.

2.15    Article 2 provides that Local 121RN is the sole and exclusive representative for certain identified registered nurses at Los Robles Hospital & Medical Center, West Hills Medical Center, Riverside Community Hospital and that UHW is the sole and exclusive representative for certain identified service employees, technicians and medical assistants at Los Robles Hospital & Medical Center, West Hills Medical Center, Riverside Community Hospital, Regional Medical Center San Jose and Good Samaritan Hospital.  Despite this provision, the Employer refused to recognize the Unions as the sole and exclusive representatives for registered nurses, service employees, technicians, and medical assistants for the purpose of negotiating over the mandatory immunization/masking policy.

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, CA 95814
916 443-6600

- 4 -

Complaint for Injunctive Relief

2.16 Article 14 provides that the Employer has the exclusive right to manage the operations of the Hospital and to direct its working forces ... provided, however, that such rights shall not be enforced contrary to the provision of this Agreement. It further provides that each Hospital has a duty to bargain with the Union over actions of the Hospital that directly affect the job security of bargaining unit members and will do so upon request of the Union within thirty (30) days from the date the Union was notified of the proposed action or became aware of the proposed action. Despite this provision and the Unions' request to bargain over an issue that affects the job security of its members, the Employer refused to bargain over the mandatory immunization/ masking policy.

2.17 Article 22 provides that no employee shall be required to work under conditions that would be hazardous to the employee's physical safety in violation of state or federal law and that disputes the issue of whether the Employer has provided information to the Union as required under this Article shall be arbitrable. Despite this provision, the Employer is attempting to require employees to work under conditions that would be hazardous to the employee's physical safety by requiring mandatory immunization or mandatory masking rather than instituting an effective and comprehensive infectious disease prevention program.

2.18 Article 34 provides that the Southern California hospitals will utilize progressive discipline and that employees shall be entitled to have a shop steward or field representative present for investigatory interviews and disciplinary meetings. Despite this provision, the Employer has instituted a policy that requires mandatory masking, violation of which will result in disciplinary action, up to and including, termination. The policy also provides that an employee who declines the vaccine and refuses to wear a mask when required for duty will be considered to have voluntarily resigned his/her position.

2.19 Article 42 provides that the Southern California hospitals shall not discriminate against an employee based on union activity or on account of race, creed, color, religion, national origin, ancestry, age, sex, disability, medical condition, veteran status (including Vietnam-era or disabled veteran status) sexual orientation, marital status, political affiliation, as required by local, state or federal law. Despite this provision, the Employer is imposing a mandatory immunization/

masking policy that will result in discrimination against employees who object to immunization and/or masking on any of those bases.

2.20    Article 98 provides that the San Jose hospitals have the right to discharge, suspend or discipline any employee for just cause, including violation of reasonable hospital rules. Despite this provision, the Employer has instituted an unreasonable requirement that employees who do not submit to immunization must wear surgical masks or be subject to discipline action up to and including termination, and that employees who decline the vaccine and refuse to wear a mask when required for duty will be considered to have voluntarily quit.

2.21    Article 109 provides that the San Jose hospitals shall not discriminate against an employee based on union activity or on account of race, political affiliation, color, religion, national origin, age, sex, sexual orientation, or disability as required by local, state or federal law. Despite this provision, the Employer is imposing a mandatory immunization/masking policy that will result in discrimination against employees who object to immunization and/or masking on any of those bases.

2.22    As the exclusive bargaining representatives, SEIU Local 121RN and UHW are entitled, as a matter of law and the CBA, to bargain, be consulted and be heard before the Employer implements a new condition of employment such as mandatory flu vaccines and/or requiring employees to wear surgical masks. The Employer's unilateral implementation of forced medical treatment, mandatory masking, or discipline without bargaining is inconsistent with the above contract provisions and other provisions of the collective bargaining agreements governing the parties.

2.23    Although the grievance-arbitration procedures will eventually culminate in a final and binding arbitration decision, it may take from six months to a year to obtain the decision.

2.24    Since by the time an arbitration decision could be rendered, nurses, service employees, technicians and medical assistants will already have been forced to submit to vaccinations or to wear ineffective masks that interfere with their patient care duties, a cease and desist order by the arbitrator would be a futile act rather than a meaningful remedy which protects the substantial privacy, health, and economic interests of the impacted employees.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, CA 95814
916 443-6600

- 6 -

Complaint for Injunctive Relief

2.25    Registered nurses are healthcare experts who are highly skilled and work to protect the health of their patient. They are well aware of the risks and benefits of vaccinations. Technicians, service employees, and medical assistants, provide virtually all essential services inside the hospitals and are consistently educated on health threats and precautionary measures. The Unions support education efforts about the value of flu vaccinations. The Unions believe that the receipt of any medical treatment is up to the individual patient and that education, not brute force, is the best way to encourage any person to receive medical care. In addition, the Unions are very concerned about the adverse consequences, not only to the privacy of its employees, but the possibility of adverse medical consequences to employees allergic to vaccine. The Unions' position is consistent with the Joint Commission on Accreditation of Healthcare Organizations which concluded that "a noncompulsory [vaccination] program is ethically preferable to a required or mandated one." (*See Providing a Safer Environment for Health Care Personnel and Patients Through Influenza Vaccination: Strategies from Research and Practice,* Joint Commission on Accreditation of Healthcare Organizations, 2009)

2.26    The "masking" alternative to the flu vaccine is no alternative at all. There is no evidence-based research that suggests that the all-day, continuous paper masking effectively limits flu transmission. (*See,* Center for Disease Control ("CDC"), *Guidelines and Recommendations, Interim Guidance for the Use of Masks to Control Influenza Transmission,* August 19, 2009 ["However, no studies have definitely shown that mask use by either infectious patients or health-care personnel prevents influenza transmission."]). In fact, a recent study of 1,936 healthcare workers found that the paper masks the Hospital seeks to impose on the employees in question do not stop the spread of the flu. (*See,* MacIntyre C., et al., *"The first randomized, controlled clinical trial of surgical masks compared to fit-tested and non-fit tested N95 masks in the prevention of respiratory virus infection in hospital health care workers in Beijing, China,"* Interscience Conference on Antimicrobial Agents and Chemotherapy, 2009)

2.27    There is no medical justification for proceeding with the mandatory vaccinations under threat of discharge from employment without first complying with the negotiations required by Article 14 of the CBA. Such vaccinations are not a condition of becoming a hospital employee

in California or maintaining any known nursing or patient care license. The CDC recommends voluntary vaccination programs and education efforts, not forced vaccinations, and it does not recommend all day, continuous masking for flu control.

2.28    The Employer informed the Unions that it will require individual employees who refuse the vaccine to disclose the reason on a Declination Form. This requirement invades the privacy of such employees.

2.29    The Employer has informed the Unions that employees who have received the vaccine will be required to wear nametags clearly identifying that they have been vaccinated, while employees who decline the vaccine will be required to wear nametags clearly identifying that they have not been vaccinated. This requirement invades the privacy of all employees.

2.30    Although the Unions support and promote voluntary vaccination programs, forcing medical treatment on pain of loss of employment impermissibly intrudes on private and personal medical decisions and may force some employees to choose between their health, medical privacy and/or their ability to support their families.

2.31    Further, implementation by decree rather than through careful negotiations with the Unions allows the Hospital to side-step its obligations to collectively bargain any changes to working conditions and undercuts the progressive discipline and just cause provisions of the collective bargaining agreements.

2.32    The Unions proposed to the Employer that it refrain from implementing the policy while the parties engage in expedited arbitration. The Employer declined.

### III.    CLAIMS FOR RELIEF

3.1    The Employer's refusal to halt implementation of its mandatory vaccination/ continuous masking program violates Section 301 of the LMRA, 29 U.S.C. § 185, and the Employer's obligations under the parties' collective bargaining agreement. The Unions have properly challenged the Employer's actions by filing grievances and demanding arbitration under the collective bargaining agreement. As a result, this dispute must properly be resolved in arbitration.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, CA 95814
916 443-6600

- 8 -

Complaint for Injunctive Relief

3.2     The foregoing actions by the Employer will, unless promptly enjoined, cause the Plaintiffs and the employees they represent, irreparable harm and will frustrate the arbitral process initiated by the Unions to protect its members from forced medical treatment, invasion of privacy, and possible termination of employment.  Immediate injunctive relief is appropriate and necessary to maintain the status quo to permit the arbitrator to consider and act upon the dispute.

3.3     Unless promptly enjoined, the Employer will not cease and desist from its unlawful course of action.  This is demonstrated by the Hospital's refusal to engage in bargaining as referenced above.

3.4     An injunction maintaining the status quo will not cause measurable harm to the Employer as it will not disturb its present industry standard voluntary vaccination program.

3.5     The Unions have complied with all obligations imposed by law in connection with this dispute.

## IV.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court award them the following relief:

4.1     Preliminary and permanent injunctive relief preserving the status quo that preceded the present controversy (*status quo ante litem*) pending the resolution of the parties' dispute under their collective bargaining agreement through a final and binding arbitration award;

4.2     An order directing the parties to submit this dispute to expedited arbitration;

4.3     The costs of the suit herein, including reasonable attorney's fees; and

4.4     Such other and further relief as the Court deems proper.

Dated: October 22, 2009

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: _____
Matthew J. Gauger
Caren P. Sencer
428 J Street, Suite 520
Sacramento, CA 95814
Telephone:  (916) 443-6600
Facsimile:   (916) 442-0244

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
428 J Street, Suite 520
Sacramento, CA 95814
916 443-6600

- 9 -

Complaint for Injunctive Relief