**E-Filed 11/17/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 121RN and SERVICE EMPLOYEES INTERNATIONAL UNION, UNITED HEALTHCARE WORKERS-WEST,<br><br>Plaintiffs,<br><br>v.<br><br>LOS ROBLES REGIONAL MEDICAL CENTER D/B/A LOS ROBLES HOSPITAL MEDICAL CENTER; RIVERSIDE HEALTHCARE COMMUNITY HOSPITAL; WEST HILLS HOSPITAL D/B/A WEST HILLS HOSPITAL & MEDICAL CENTER; SAN JOSE HEALTHCARE SYSTEM, L.P. D/B/A REGIONAL MEDICAL CENTER OF SAN JOSE; AND GOOD SAMARITAN HOSPITAL L.P. D/B/A GOOD SAMARITAN HOSPITAL, EACH A SUBSIDIARY OF HCA HEALTH SERVICES OF CALIFORNIA, INC.; AND DOES 1-10,<br><br>Defendants. | Case Number C 09-5065 JF (RS)<br><br>**ORDER[1] DENYING CONDITIONALLY PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF PENDING ARBITRATION**<br><br>[RE: doc. no. 20] |

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 09-5065 JF
ORDER DENYING CONDITIONALLY PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF PENDING ARBITRATION
(JFEX1)

## I. INTRODUCTION

Plaintiffs Service Employees International Union, Local 121RN and Service Employees International Union United Healthcare Workers-West (collectively "SEIU") seek injunctive relief requiring Defendants Los Robles Regional Medical Center D/B/A Los Robles Hospital Medical Center, Riverside Healthcare Community Hospital, West Hills Hospital D/B/A West Hills Hospital and Medical Center, San Jose Healthcare System, L.P. D/B/A Regional Medical Center of San Jose, and Good Samaritan Hospital, et al. (collectively "the Hospitals") to refrain from implementing a mandatory H1N1 and seasonal flu vaccination policy for Registered Nurses ("RNs") and other healthcare workers (excluding physicians) pending arbitration pursuant to the parties' Collective Bargaining Agreement ("CBA"). Plaintiffs request a "reverse *Boys Market* injunction." *Boys Markets, Inc. v. Retail Clerks Union*, 398 U.S. 235 (1970).

## II. FACTS

The Hospitals seek to implement a strengthened influenza prevention policy for their employees. The proposed policy does not mandate vaccination, but it expresses management's desire that all employees be vaccinated. Employees who choose to decline the vaccine must sign a declination form. The form asks employees if they are refusing the vaccination because they already have been vaccinated or for "other" reasons. Employees are not required to specify their "other" reason for declining vaccination. The vast majority of employees already have chosen to be immunized. (Clark Decl. ¶ 12 [89% vaccination rate]; Everett Decl. ¶ 13 [85% vaccination rate]; Lequeux Decl. ¶ 12 [86.9% vaccination rate]; Romano Decl. ¶ 15 [60% vaccination rate]; Ochart Decl. ¶ 12 [60% vaccination rate].)

Although the Hospitals have required employees to be vaccinated or sign a declination form, as required by California law, since 2007, the new policy requires that employees who have not been vaccinated wear a surgical mask in all patient care areas. This requirement is consistent with other existing infection-control protocols at the Hospitals, pursuant to which employees who have patient contact submit to annual tuberculosis tests and mask fits and wear gloves,

2

gowns, and masks in various settings, such as surgery, isolation and quarantine rooms (including all rooms with known exposure to seasonal and H1N1 influenza). As in the case of an employee's failure to comply with any other patient-care protocol, an employee is subject to discipline only if he or she declines both the vaccination and the mask and otherwise fails to cooperate (e.g., by accepting a transfer to another position or a leave of absence).

In order to monitor compliance with the new policy's mask requirement, the Hosptials have adopted various means of identification. Employees who receive the seasonal flu vaccination at Good Samaritan Hospital and San Jose Health Care System wear a red cross sticker on their badge. At Riverside Health Care System, vaccinated employees use "I'm vaccinated because I care!" badge holders, and unvaccinated employees use "I wear because I care!" badge holders depicting a health care worker wearing a surgical mask; posters explaining the significance of the badge holders are posted around the hospital. At West Hills Hospital, unvaccinated employees have a purpose mark on the *back* of their badge; there is no marking at all on the front. Los Robles Regional Medical Center employees who are vaccinated wear a silver hologram sticker on their badge. The policy is not limited to employees represented by SEIU.

The Hospitals did not bargain with SEIU prior to announcing the new policy. SEIU filed the instant action on October 23, 2009, alleging that the Hospitals have violated and are continuing to violate Section 301 of the Labor Management Relations Act ("LMRA") and the CBA by refusing to halt implementation of the new policy pending exhaustion of the dispute resolution procedures, including arbitration, required by the CBA. SEIU filed the instant application for injunctive relief on October 27, 2009. On October 29, 2009, the parties entered into a stipulation whereby Healthcare Corporation of America ("HCA") was deleted as a Defendant and replaced by the named Hospitals. The parties also agreed that the new policy would not be implemented until November 16, 2009, the date set by the Court for oral argument on SEIU's application.

//

### III. LEGAL STANDARD

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

Subject to certain very limited statutory exceptions, neither federal nor state courts have jurisdiction over suits involving activity which arguably is subject to provisions of the National Labor Relations Act governing the rights of employees as to organiazation, collective bargaining, and unfair labor practices. *See Vaca v. Sipes*, 386 U.S. 171, 179 (1967) (citing *San Diego Bldg. Trades Council, Millmen's Union Local 2020 v. Garmon*, 359 U.S. 236, 245 (1959)).

### IV. DISCUSSION

SEIU seeks an order requiring the Hospitals to maintain the status quo and exhaust the dispute resolution and arbitration procedures set forth in the CBA prior to any implementation of the new policy. It claims that without such relief, employees will be deprived of the opportunity to meet the Hospitals' legitimate public health goals by less intrusive means. Once injected, the vaccine and its additives cannot be taken back, and the policy requires employees who refuse vaccination to wear masks and ID badges indicating that they have not been vaccinated, which stigmatizes them. SEIU also contends that the Hospitals' unilateral implementation of the policy undermines its authority and standing with its members, and that the CBA either bars such implementation outright or at the very least requires bargaining.

These claims are not insubstantial. However, the policy the Hospitals seek to implement

4

Case No. C 09-5065 JF (RS)
ORDER DENYING CONDITIONALLY PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF PENDING ARBITRATION
(JFEX1)

directly implicates public health, and it is supported by the clinical judgment of infection control experts at the Hospitals. Its goal is to protect patients from exposure to illnesses to which they may be more susceptible than non-patients. Provided that the dispute resolution procedures in the CBA are implemented on an expedited basis, the equities appear to weigh against injunctive relief.

The anecdotal evidence that the policy is being implemented in a way that stigmatizes employees who choose not to be vaccinated is unsettling. The Hospitals argue that the badge stickers and masks worn by employees who have not been vaccinated allow managers to determine which employees have been vaccinated. However, it appears that the procedures used by at least some of the Hospitals have had the collateral and unnecessary effect of calling the employees' status to the attention of patients and the public.

Because its jurisdiction in the present circumstances is extremely limited, *see Vaca*, 386 U.S. at 179-80, 359 U.S. 236, 244-45 (1959), the Court will decline to intervene in the parties' dispute at the present time. However, the Court expects that both parties will move expeditiously to resolve their disagreements pursuant to the CBA. Moreover, pending the process required by the CBA, the Court expects that Defendants will implement the new policy in a manner that serves management's legitimate interest in identifying employees who have not been vaccinated but at the same time does not call undue and inappropriate attention to an individual employee's status.

## V. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiffs' application for injunctive relief pending arbitration is DENIED without prejudice, subject to the following conditions:

(1) that the parties engage in the expedited arbitration set forth in the CBA; and

//

//

//

5

Case No. C 09-5065 JF (RS)
ORDER DENYING CONDITIONALLY PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF PENDING ARBITRATION
(JFEX1)

    (2)    that the parties meet and confer forthwith to eliminate any stigmatizing procedures associated with the new vaccination policy.

DATED: 11/17/09

_____
JEREMY FOGEL
United States District Judge

6

Case No. C 09-5065 JF (RS)
ORDER DENYING CONDITIONALLY PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF PENDING ARBITRATION
(JFEX1)