| | |
|---|---|
| Matthew J. Gauger, Bar No. 139785<br>Caren P. Sencer, Bar No. 233488<br>WEINBERG, ROGER & ROSENFELD<br>A Professional Corporation<br>428 J Street, Suite 520<br>Sacramento, CA 95814<br>Telephone (916) 443-6600<br>Facsimile: (916) 442-0244<br><br>Attorneys for Plaintiffs<br><br>Robert L. Ford, Bar No. 86920<br>F. Curt Kirschner, Jr., Bar No. 122502<br>Christopher T. Scanlan, Bar No. 211724<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA  94104<br>Telephone:    (415) 626-3939<br>Facsimile:     (415) 875-5700<br><br>Attorneys for Defendants | **E-Filed 8/16/2010** |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 121 RN and SERVICE EMPLOYEES INTERNATIONAL UNION, UNITED HEALTHCARE WORKERS - WEST,<br><br>            Plaintiffs,<br><br>    v.<br><br>LOS ROBLES REGIONAL MEDICAL CENTER et al.,<br><br>            Defendants. | Case No. C-09-05065 JF<br><br>**JOINT STATUS REPORT[1] AND [PROPOSED] ORDER SETTING STATUS CONFERENCE**<br><br>Judge:       Hon. Jeremy Fogel |

---

[1] Due to a clerical error, a separate statement by Plaintiffs only was filed as Docket #79. This document is intended as the correct joint statement and the prior separate statement should be disregarded.

SFI-630856v4
08/13/10 4:30 PM

STATUS REPORT & [PROPOSED] ORDER
RE SCHEDULING / C-09-05065 JF

1  THE PARTIES HERETO, BY AND THROUGH THEIR AUTHORIZED
2  COUNSEL OF RECORD, REPORT TO THE COURT AS FOLLOWS, PURSUANT TO THE
3  COURT'S ORDER OF MAY 26, 2010:

4    1.  Consistent with this Court's orders of November 17, 2009 and December
5  11, 2009, the parties' dispute was submitted to arbitration.  The parties completed two days of
6  hearing with mutually agreed Arbitrator Matthew Goldberg.  Both parties rested their cases on
7  February 3, 2010.

8    2.  After receipt and review of post-hearing briefs by the parties, Arbitrator
9  Goldberg issued his Opinion and Award dated July 5, 2010.  A true and complete copy of the
10 same is annexed as Exhibit A.

11   3.  The "Award" section of the Opinion and Award states, in full:

> "The grievances are sustained in part and denied in part. The Employer's implementation and enforcement of its H1N1 and seasonal flu infection control policies at or near the beginning of December, 2009 was contrary to Articles 14.2, 42 and 102 of the Agreement. The Employer is ordered to meet and bargain with the Union in good faith to determine a mutually agreeable means of enforcing its policy without violating the provisions cited, and reducing the potential that the policy might have for discrimination and/or violation of the just cause provisions of the Contract.
> The Arbitrator retains jurisdiction for the purposes of implementation and/or interpretation."

19 (Exhibit A, page 33.)

20   4.  ***Position of Plaintiffs:***  Plaintiffs allege that the Defendants have not
21 complied with the Arbitrator's award.  Although Plaintiffs have made demands to bargain as
22 required by the Arbitrator's award, Defendants have failed to respond to the demands in any
23 meaningful way.  For that reason, Plaintiffs have advised Defendants that they intend to seek
24 leave to file additional pleadings in this action, which would include a Petition to Confirm the
25 Arbitrator's award.

26   5.  ***Position of Defendants:***  Without expressing any opinion on the validity or
27 enforceability of the Arbitrator's award, Defendants deny Plaintiffs' allegations of
28 noncompliance.  (In any event, Defendants are prepared to comply as requested by the Union

SFI-630856v4

- 2 -

STATUS REPORT & [PROPOSED] ORDER
RE SCHEDULING / C-09-05065 JF

1  when they have proposals ready for the Union.)  Defendants also submit that all relief sought in

2  Plaintiff's complaint – an injunction pending arbitration – is now moot and that this action should

3  therefore be dismissed.  Defendants also note that Plaintiffs previously represented to this Court

4  on two separate occasions that they expected to dismiss this action voluntarily after issuance of

5  the Arbitrator's award.   Defendants also note that any alleged noncompliance with the

6  Arbitrator's award should in the first instance be addressed to the Arbitrator, who retained

7  jurisdiction over disputes of interpretation and implementation; they note further that the parties

8  had stipulated to the Arbitrator's jurisdiction at the beginning of the arbitration hearing.

9  Defendants intend to file a motion to dismiss this action as moot if Plaintiffs will not reconsider

10 their decision not to dismiss this case voluntarily.

11             6.     In light of the foregoing, the parties jointly request that the Court set and

12 conduct a telephonic (or in the alternative, in-person) conference with counsel to address the

13 issues addressed above and to set a schedule for any motions to amend the pleadings and/or to

14 dismiss.

Respectfully submitted,

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By:        /S/   Caren P. Sencer[2]
    Caren P. Sencer
Attorneys for Plaintiffs

JONES DAY

By:        /S/   Christopher T. Scanlan
    Christopher T. Scanlan
Attorneys for Defendants

---

[2] Counsel e-filing this joint status report represents that he has obtained Ms. Sencer's express permission to file this document on behalf of all parties.

**P~~ROPOSED~~ ORDER**

Based on the foregoing stipulations and representations, the Court makes the following order:

1. The court will conduct a status conference in this matter at 10:30 am on September 10, 2010. ~~[Counsel may appear by telephone.]~~

2. The parties may file written statements not to exceed three (3) pages each no later than three (3) days before the status conference.

**IT IS SO ORDERED.**

Dated: August 16, 2010.

_____
The Honorable Jeremy Fogel
United States District Judge